Konstantin Victorovich **KARPACHOV**, Petitioner,

v.

**IMMIGRATION AND NATURALIZATION SERVICE**, Respondent.

No. 99–71653.

I & NS No. A71–948–921.

United States Court of Appeals, Ninth Circuit.

Submitted May 17, 2001.*

Decided June 5, 2001.

* The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2).

Before HUG and T.G. NELSON, Circuit Judges, and D. PREGERSON,** District Judge.

## MEMORANDUM ***

We have jurisdiction under former 8 U.S.C. § 1105a(a), and we deny the petition.

It was proper for the Board of Immigration Appeals (BIA) to rely on a 1994 U.S. State Department report that presented a profile of the current political conditions within Russia.[1] We hold that the material contained within this report, which the BIA carefully scrutinized, constitutes substantial evidence to support the BIA's conclusion that Petitioner no longer has a well-founded fear of future persecution in the former Soviet Union.[2] We see nothing in the record that compels the opposite conclusion.[3]

Contrary to Petitioner's argument, the BIA did not fail to consider the numerous news reports that he submitted in support of his asylum application. The BIA simply found that those news reports were not sufficiently relevant to the question of whether Petitioner has a well-founded fear of future persecution in the former Soviet Union. Moreover, because Petitioner did not meet this threshold requirement for asylum, he can not meet the higher burden for withholding of deportation under former 8 U.S.C. § 1253(h)(1).[4]

We also hold that the BIA did not abuse its discretion by concluding that Pe-

---

** Honorable Dean D. Pregerson, United States District Court Judge for the Central District of California.

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

1.   State Department reports are "the most appropriate and perhaps the best resource for information on political situations in foreign nations." *Kazlauskas v. INS,* 46 F.3d 902, 906 (9th Cir.1995) (internal quotations omitted) (holding that such a report provided substantial evidence to support the Immigration Judge's conclusion that petitioner failed to demonstrate a well-founded fear of future persecution); *see also Belayneh v. INS,* 213 F.3d 488, 491 (9th Cir.2000) (same).

2.   "We review for 'substantial evidence' the BIA's determination of eligibility for asylum." *Lopez–Galarza v. INS,* 99 F.3d 954, 958 (9th

Cir.1996) (quoting *Ramos–Vasquez v. INS,* 57 F.3d 857, 861 (9th Cir.1995)).

3.   To reverse a determination of ineligibility for asylum, we must find that the evidence " 'not only *supports* [the opposite] conclusion, but *compels* it.' " *Marcu v. INS,* 147 F.3d 1078, 1081 (9th Cir.1998) (quoting *INS v. Elias–Zacarias,* 502 U.S. 478, 481 n. 1, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992)).

4.   *See Kazlauskas,* 46 F.3d at 907 ("An applicant only qualifies for a withholding of deportation [under § 1253(h)(1)] if he shows a clear probability of persecution upon return to his country of origin.... This is a more stringent standard than the well-founded fear standard ...." (internal quotations and citations omitted)).

titioner's treatment in the former Soviet Union was not such "atrocious" past persecution as to warrant a discretionary grant of asylum.[5] Because the BIA's decision to not grant asylum on this humanitarian ground was not "arbitrary, irrational, or contrary to law," we do not disturb it.[6]

Finally, Petitioner did not argue to the BIA that the Immigration Judge erred in denying his application for a voluntary departure. Thus, we lack jurisdiction to review such a claim.[7]

PETITION DENIED.

---

**5.** "Absent a likelihood of future persecution, asylum is warranted for humanitarian reasons only if [petitioner] demonstrates that in the past he or his family has suffered under atrocious forms of persecution." *Id.* at 906 (internal quotations and alteration omitted).
"When the BIA finds past persecution but no well-founded fear of future persecution, we review its denial of humanitarian asylum for an abuse of discretion." *Belayneh,* 213 F.3d at 491.

**6.** *Lopez–Galarza,* 99 F.3d at 960 (internal quotations omitted).

**7.** *Vargas v. INS,* 831 F.2d 906, 907–08 (9th Cir.1987).

